THE STATE OF KANSAS, Appellant, v. NEWTON TANNAHILL *et al.*, Appellees.

*Criminal Appeal from Jefferson County.*

Indictment found in Jefferson county, signed " A. S., County Attorney for Jackson county."  Defendant moved to quash on ground involving that

discrepancy.  The record showed that defendant admitted in open court on the argument of the motion, that A. S. was, in fact, at the time of the filing of the indictment, county attorney of Jefferson county.  *Held* that it was error for the court below to grant the motion to quash.

The facts sufficiently appear in the subjoined opinion :

*By the Court,* SAFFORD, J.

The defendants were indicted in the county of Jefferson, for riot.  No objection appears to have been made to the proceedings, other than that the indictment was signed, "Azel Spaulding, Co. Attorney for Jackson county, Kansas," instead of "Azel Spaulding, Co. Attorney for Jefferson county, Kansas."  For this reason, one of the defendants, William Lawless, moved the court to quash the indictment, as to himself, which motion was sustained.  In this, we think the court erred, inasmuch as it is shown that at the time the motion was made, the defendant who made it appeared in open court and consented that it should be entered of record that Azel Spaulding was, at the time of filing said indictment, the county attorney of Jefferson county, which was done, thus acknowledging that there was no mistake as to the officer himself, but only as to his description.  Therefore, taking the whole record together, it clearly appeared that the indictment was, in fact, signed by the proper prosecuting officer. Under such circumstances, it was sufficient in this respect.

It is a matter of much regret that cases are so often brought to this court upon such questions as arise in this one, when it is apparent that by proper care on

the part of the officers of the law, all necessity for so doing might be avoided. And it is to be hoped that for the future, the course of justice and law may not be hindered or defeated in this manner.

The judgment of the district court is reversed, and the cause remanded, with directions to overrule the motion to quash.

All the justices concurring.