## THE STATE OF KANSAS v. PERRY NULF.

1. INFORMATION; "*Prosecuting Attorney.*" An information in a criminal action, signed and filed by the proper prosecuting officer, who describes himself in such information as "prosecuting attorney," and not as "county attorney," will be held sufficient, if it is in all other respects sufficient.

2. ———— *Verification by County Attorney.* The verification of an information by a prosecuting attorney, upon information and belief, is sufficient.

### Appeal from Ottawa District Court.

AT the May Term 1875 of the district court, *Nulf* was found guilty of the offense of grand larceny, and was sentenced to the penitentiary for three years. From this conviction and sentence he appeals to this court.

*J. G. Mohler,* and *Bishop Perkins,* for appellant. (No brief on file.)

*R. F. Thompson,* county-attorney, for The State:

The information was prepared and signed by the proper officer: Gen. Stat. 284, § 136. This section makes the county-

attorney the prosecuting officer for *all* criminal actions in which the *state* is a party. In the criminal code, the prosecuting officer is everywhere designated as the "prosecuting attorney." Now as the county attorney is the only prosecuting officer in criminal cases, the terms "county attorney" and "prosecuting attorney" are synonymous titles when used after the prosecuting officer's name in those cases. Sec. 67 of the criminal code designates the "prosecuting attorney" as the officer by whom informations may be filed, and directs that he should subscribe his *name* thereto. This last requirement is probably for the purpose of showing the court that the information was filed by the proper officer, and there is nothing in this section, or in our statutes, that requires that the *title* of the prosecuting officer should be annexed to his name. The county attorney is an officer of the district court, of which facts the court is bound to take judicial notice: *Norvell v. McHenry*, 1 Mich. 227; *Anderson v. Bell*, 9 Cal. 315; *State v. Postlewaite*, 14 Iowa, 446; *Mastinson v. LeClair*, 4 Minn. 163; *Thompson v. Haskell*, 21 Ill. 215. It follows then, that if an information is preferred in and signed by the *name* of the county attorney, it is all that is required, and if that name should be followed by the title "prosecuting attorney," or "county attorney," this, while it is unnecessary, would only be additional evidence that the defendant was being prosecuted by the proper officer.

That the information is properly verified, see § 3, page 279, Laws of 1871, which provides that the county attorney can verify an information upon "information and belief." This information is verified by the county attorney upon "knowledge and belief." Webster defines "information" as, "News, or advice, communicated by word or writing: intelligence: notion: *knowledge* derived from reading or instruction." And of "knowledge," the same authority says, "That which is known: that which is gained and preserved by knowing: actual acquaintance, gained by learning." Knowledge then is derived from information; and if a party is in possession of the former he must also have the

latter; and when verified upon knowledge, the verification rests upon information, fulfilling the letter and spirit of the law.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for grand larceny. It is insisted on the part of the defendant (who is appellant,) that the court below erred in refusing to quash the information filed in this case, and also in refusing to arrest the judgment. The grounds upon which this claim is based are as follows: 1st, The information is not signed by the proper officer. 2d, The information is not properly verified.

The information was signed by "R. F. Thompson, Prosecuting Attorney," and he is described in the body of the information as the prosecuting attorney of Ottawa county, state of Kansas. Under the laws of Kansas, all criminal informations must be signed and filed "by the prosecuting attorney of the proper county, as informant;" (Gen. Stat. 831, 832, §§ 67, 68, 71.) And also, under the laws of Kansas, the "prosecuting attorney" is always the "county attorney." (Gen. Stat. 283, 284, §§ 135, 136, 137.) That is, every criminal action, prosecuted in the name of the state, must be prosecuted by the county attorney, who is the public prosecutor. Therefore, for the purpose of prosecuting criminal actions, the prosecuting attorney and the county attorney is one and the same person. Besides, the first statute above cited, which recognizes the public prosecutor as "prosecuting attorney," was passed nearly six years after the other, which gives to him the title of "county attorney." Therefore, in our opinion a criminal information signed by the public prosecutor, as "prosecuting attorney," is equally as valid as though it should be signed by him as "county attorney." He is both. But would the information be void if he should merely sign his name to the information, and give no description of his official character? The statute does not in terms require that he should give any description of his official

character. The description does not seem to be very material, for even where he described himself as county attorney for the wrong county the information was nevertheless held sufficient; (*The State v. Tannahill,* 4 Kas. 117, 118;) and the district court must always take judicial notice of the official character and identity of the public prosecutor. (See authorities cited in appellant's brief, and 5 U. S. Dig., First Series, 490, paragraphs 151 to 163.) There is no pretense in this case that the information was not signed by the proper public prosecutor. But even if there were, it would not be tenable, for the district court recognized him as such. He prosecuted the defendant until the defendant was finally convicted and sentenced, and he is described in other portions of the record as "R. F. Thompson, county attorney of Ottawa county." And there is nothing in the record that tends to show that he was not the county attorney. We therefore think that the information in this respect was sufficient.

"The verification of an information by a prosecuting attorney upon information and belief is sufficient." (*The State v. Montgomery,* 8 Kas. 351; Laws of 1871, page 279, § 3.)

The judgment of the court below is affirmed.

All the Justices concurring.